IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DAVID LIBRACE                                                                                          PLAINTIFF

v.                                            No. 2:17CV00140 JLH

ANDRE VALLEY, in his official capacity as
City Attorney of Helena-West Helena                                                                    DEFENDANT

**OPINION AND ORDER**

David Librace brings this 42 U.S.C. § 1983 action pro se against Andre Valley in his official capacity as City Attorney of Helena-West Helena, Arkansas. Librace alleges that Valley signed affidavits for arrest warrants without probable clause, one of which led to his arrest, prosecution, and conviction for communicating a false report. Librace seeks a "temporary injunction . . . to prevent any further form of harassment and slander by the Defendant." Valley has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Valley's motion is granted.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Id*. The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

Librace's complaint makes several allegations regarding the manner in which Valley and other unnamed city officials handle criminal prosecutions. Librace alleges that Valley has been signing affidavits for arrest warrants without probable cause since January 31, 2017; that the affidavits are based on hearsay; that defendants are not given the opportunity to make a statement or ensure that evidence is preserved; that if a defendant does not plead guilty, the case is set for a trial twenty days out and the judge instructs the defendant to bring all evidence and witnesses to the trial; that the judge does not allow defendants to put on evidence, but allows Valley to put on whatever evidence he likes; that Valley does not disclose to the defendant the names of the prosecution's witnesses or the evidence the prosecution will present; and that Valley has violated his civil rights guaranteed by the United States Constitution and the Arkansas Constitution. He alleges "Andre Valley continues to sign affidavit after affidavit and trying to harass, embarrass, and is maliciously and prosecuting cases with outrage." Document #2 at 3. Librace also alleges that Valley is a partner in the law firm of Wilson, Valley and Etherly, a firm partners of which hold various city positions, including prosecutor, judge, and public defender. Librace ran for mayor against Valley's brother, James Valley. Librace alleges that the conduct of which he complains is an attempt to silence him. Despite these broad allegations claiming a pattern of false affidavits for arrest, the complaint specifies only one incident, which led to Librace being convicted on March 23, 2017, for filing a false report. Librace attaches to his response to the motion to dismiss several

documents, including arrest warrants that he did not mention in the complaint, but the Court may consider only what is alleged in the complaint or incorporated therein when deciding a motion to dismiss under Rule 12(b)(6).

Valley argues that Librace's claims based on his arrest, prosecution, and conviction for communicating a false report are barred by the *Rooker-Feldman* doctrine, the narrow focus of which is to bar state court losers from obtaining federal review of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); *Karsjens v. Piper*, 845 F.3d 394, 406 (8th Cir. 2017). The *Rooker-Feldman* doctrine provides that district courts lack subject matter jurisdiction over challenges to state court decisions in judicial proceedings, with the exception of habeas corpus petitions. *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923)). "The doctrine precludes district courts from obtaining jurisdiction both over the rare case styled as a direct appeal, [*Rooker*, 263 U.S. at 416, 44 S. Ct. 149], as well as more common claims which are 'inextricably intertwined' with state court decisions. [*Feldman*, 460 U.S. at 483, 103 S. Ct. 1303]." *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004).

As mentioned, the complaint alleges that a judgment of conviction was entered against Librace on March 30, 2017, after a trial in state court. Librace asserts that his arrest was unlawful because the affidavit supporting the warrant did not establish probable cause and bases his request for injunctive relief on injuries sustained from the unlawful arrest, prosecution, and conviction.

3

As to the arrest that resulted in the conviction on March 30, 2017, this case is in substance an appeal from a state-court judgment by an aggrieved party and falls squarely within the *Rooker-Feldman* doctrine. *See Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011). Even though Librace casts his claims in part as based on his arrest as opposed to his conviction, his conviction is conclusive proof of the existence of probable cause for the underlying arrest. *See Brown v. Willey*, 391 F.3d 968, 969 (8th Cir. 2004); *McSwain v. Hastings*, No. 4:13CV00122-DPM, 2015 WL 731286 at *2 (E.D. Ark. Feb. 17, 2015). Librace's attack on the constitutionality of his arrest, therefore, amounts to an attack on the constitutionality of his conviction. *See Skit Inter., Ltd. v. DAC Tech. of Ark., Inc.*, 487 F.3d 1154, 1156-57 (8th Cir. 2007); *cf. Skinner v. Switzer*, 526 U.S. 521, 531-33, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011) (holding that plaintiff's claims were not barred *Rooker-Feldman* because he did not challenge a state-court ruling, the prosecutor's conduct, or the state-court conviction; rather, he challenged as unconstitutional the Texas statutes the state court construed). Without declaring Librace's state court conviction unlawful, the Court would have no basis for granting the relief that he seeks. This Court has no appellate jurisdiction over the Arkansas courts and cannot review their decisions except to the limited extent it is authorized to do so in cases in which prisoners seek writs of habeas corpus. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005); *Hunt v. Smith*, No. 2:03CV00194-WRW, 2008 WL 491678 at *6 (E.D. Ark. Feb. 19, 2008).

Valley also argues that even if the *Rooker-Feldman* doctrine does not apply, Librace's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 383 (1994). The United States Supreme Court held in *Heck* that in order to recover damages under section 1983 for an unconstitutional conviction, or other harms that would render a conviction invalid, a plaintiff must prove the sentence has been reversed on direct appeal, expunged by executive order, declared invalid

4

by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *Id*. at 486-87, 114 S. Ct. 2364; *Newmy v. Johnson*, 758 F. 3d 1008, 1009 (8th Cir. 2014). Librace does not seek to recover damages. His request for injunctive relief is nevertheless barred because his claims if successful would necessarily imply the invalidity of his conviction and he has not alleged that the conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) (state prisoner's section 1983 barred under *Heck* no matter the relief sought); *see also Gautreaux v. Sanders*, 395 Fed. Appx. 311, 312 (8th Cir. 2010) (unpublished) (citing *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (allegations that defendants lacked probable cause to arrest him and brought unfounded criminal charges challenge validity of conviction and are *Heck* barred)); *Thomas v. Polk Cnty. Minn.*, No. 15-CV-4479 (DWF/SER), 2016 WL 861328 at *2 (D. Minn. Jan. 12, 2016); *see also Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("He seeks to prove that his arrest lacked a basis in probable cause. It is immediately clear that again the rationale of *Heck* precludes his claim of false arrest."). Even if the Court had subject-matter jurisdiction over Librace's claims pertaining to his arrest, prosecution, and conviction for communicating a false report, those claims would be barred by *Heck*.

As to Librace's allegations of other affidavits for arrest warrants, the complaint consists of nothing more than labels and conclusions — it does not meet the *Twombly* plausibility standard. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. As mentioned above, Librace has made

more specific allegations in a brief in response to his response brief, but those allegations are not part of his complaint and cannot be considered in ruling on the motion to dismiss.[1]

In addition to his arguments based on the *Rooker-Feldman* doctrine and *Heck v. Humphrey*, Valley argues that the complaint fails because the claims against him in his official capacity are claims against the City and the complaint fails to allege the essential elements of municipal liability. Because the complaint fails for other reasons, the Court need not address this issue.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is GRANTED. Document #6. David Librace's complaint is dismissed without prejudice. If Librace wishes to amend his complaint, he must file an appropriate motion within fourteen (14) days from the entry of this Opinion and Order. If he fails to do so, a judgment will be entered dismissing this action.

IT IS SO ORDERED this 17th day of November, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Librace has not moved to amend his complaint.